1   NANCY L. ABELL (SB# 088785)
    nancyabell@paulhastings.com
2   HEATHER A. MORGAN (SB# 177425)
    heathermorgan@paulhastings.com
3   VALERIE M. MAREK (SB# 301540)
    valeriemarek@paulhastings.com
4   PAUL HASTINGS LLP
    515 South Flower Street
5   Twenty-Fifth Floor
    Los Angeles, CA  90071-2228
6   Telephone:   1(213) 683-6000
    Facsimile:    1(213) 627-0705
7
    Attorneys for Defendants
8   FARMERS GROUP, INC., FARMERS INSURANCE
    EXCHANGE, and FARMERS INSURANCE
9   COMPANY, INC.

10  *[Plaintiffs' Counsel are listed on next page.]*

11              UNITED STATES DISTRICT COURT

12            NORTHERN DISTRICT OF CALIFORNIA

13                  SAN JOSE DIVISION

14

15  LYNNE COATES, on behalf of herself and      CASE NO. 5:15-CV-01913-LHK
    all others similarly situated and aggrieved,
16                                              **STIPULATED CONFIDENTIALITY**
                    Plaintiff,                  **AGREEMENT AND AGREED**
17                                              **[PROPOSED] PROTECTIVE ORDER**
            vs.
18
    FARMERS GROUP, INC., FARMERS               Case Filed:  April 29, 2015
19  INSURANCE EXCHANGE, and                    Judge:  Honorable Lucy H. Koh
    FARMERS INSURANCE COMPANY,
20  INC.,

21                  Defendants.

22

23

24

25

26

27

28

LORI J. COSTANZO (SBN #142633)
GABRIELLE KORTE (SBN #209312)
COSTANZO LAW FIRM
111 North Market Street, #910
San Jose, CA 95113
Telephone:      1(408) 993-8493
Facsimile:      1(408) 993-8496
Email: lori@costanzo-law.com
          gabrielle@costanzo-law.com

LORI E. ANDRUS (SBN #205816)
ANDRUS ANDERSON LLP
155 Montgomery Street, Suite 900
San Francisco, CA 94104
Telephone:      1(415) 986-1400
Facsimile:      1(415)986-1474
Email: lori@andrusanderson.com

*Attorneys for Plaintiff, the Proposed Classes,
and the Aggrieved Employees*

-1-

1. <u>PURPOSES AND LIMITATIONS</u>

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Confidentiality Agreement and Agreed [Proposed] Protective Order (hereinafter "Protective Order").  The parties acknowledge that this Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  The parties further acknowledge, as set forth in Section 12.3, below, that this Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2. <u>DEFINITIONS</u>

2.1     <u>"ATTORNEYS EYES ONLY" Information or Items</u>:  information (regardless of how it is generated, stored or maintained) or tangible things produced by any party or its consultants or experts which contains:  (a) employee medical/psychological information; (b) employee contact information; (c) HRIS and compensation data; and (d) the contents of employee evaluations.

2.2     <u>Challenging Party</u>:  a Party or Non-Party that challenges the designation of information or items under this Protective Order.

2.3     <u>"CONFIDENTIAL" Information or Items</u>:  information (regardless of how it is generated, stored or maintained) or tangible things produced by any party or its consultants or experts which contain trade secrets, private personnel information and/or information that Defendants use or may use in the process of selecting employees for a position (or that may give the viewer a competitive advantage in any selection process).  The term "trade secrets" as used herein means information that derives economic value, actual or potential, from not being

generally known to other persons who can obtain competitive advantage or economic value from its disclosure or use. "Trade secrets" also means sensitive financial information integral to the business operations of a party for which the party has a compelling interest in avoiding disclosure. Examples of the types of information that may be designated "CONFIDENTIAL" include, without limitation, any of the following:

(a)     Trade secrets or other proprietary information of a party;

(b)     Confidential and/or private personnel information or records of persons not a party to this action;

(c)     Documents prepared in conjunction with any aspect of job analysis, compensation, promotion, job assignments and performance evaluations for individual current and former attorney-employees;

(d)     Marketing, financial and business plans of a party that is not otherwise publicly available; and

(e)     Information regarding third-party insureds.

2.4     Counsel (without qualifier):  Outside Counsel of Record and House Counsel (as well as their support staff).

2.5     Designating Party:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as CONFIDENTIAL or ATTORNEYS' EYES ONLY.

2.6     Disclosure or Discovery Material:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7     Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

2.8     House Counsel:  attorneys who are employees of a party to this action.  House Counsel does not include Plaintiffs, current or future opt-in Plaintiffs, members of any putative or

-2-

1    certified class in this action, Outside Counsel of Record or any other outside counsel.

2            2.9    <u>Non-Party</u>:  any natural person, partnership, corporation, association, or other legal

3    entity not named as a Party to this action.

4            2.10    <u>Outside Counsel of Record</u>:  attorneys who are not employees of a party to this

5    action but are retained to represent or advise a party to this action and have appeared in this action

6    on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

7            2.11    <u>Party</u>:  any party to this action, including all of its officers, directors, employees,

8    consultants, retained experts, and Outside Counsel of Record (and their support staffs).

9            2.12    <u>Producing Party</u>:  a Party or Non-Party that produces Disclosure or Discovery

10   Material in this action.

11           2.13    <u>Professional Vendors</u>:  persons or entities that provide litigation support services

12   (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and

13   organizing, storing, or retrieving data in any form or medium) and their employees and

14   subcontractors.

15           2.14    <u>Protected Material</u>:  any Disclosure or Discovery Material that is designated as

16   CONFIDENTIAL.

17           2.15    <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery Material from a

18   Producing Party.

19   3.    <u>SCOPE</u>

20           The protections conferred by this Stipulation and Protective Order cover not only

21   Protected Material (as defined above), but also (1) any information copied or extracted from

22   Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and

23   (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal

24   Protected Material.  However, the protections conferred by this Stipulation and Protective Order

25   do not cover the following information:  (i) any information that is in the public domain at the

26   time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure

27   to a Receiving Party as a result of publication not involving a violation of this Protective Order,

28   including becoming part of the public record through trial or otherwise; and (ii) any information

-3-

1  known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the

2  disclosure from a source who obtained the information lawfully and under no obligation of

3  confidentiality to the Designating Party.  Any use of Protected Material at trial shall be governed

4  by a separate agreement or order.

5  4.    DURATION

6       Even after final disposition of this litigation, the confidentiality obligations imposed by

7  this Protective Order shall remain in effect until a Designating Party agrees otherwise in writing

8  or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1)

9  dismissal of all claims and defenses in this action, with or without prejudice; and (2) final

10  judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or

11  reviews of this action, including the time limits for filing any motions or applications for

12  extension of time pursuant to applicable law.

13  5.    DESIGNATING PROTECTED MATERIAL

14       5.1    Exercise of Restraint and Care in Designating Material for Protection.  Each Party

15  or Non-Party that designates information or items for protection under this Protective Order must

16  take care to limit any such designation to specific material that qualifies under the appropriate

17  standards.  The Designating Party must designate for protection only those parts of material,

18  documents, items, or oral or written communications that qualify – so that other portions of the

19  material, documents, items, or communications for which protection is not warranted are not

20  swept unjustifiably within the ambit of this Protective Order.

21       Mass, indiscriminate, or routinized designations are prohibited.  Designations that are

22  shown to be clearly unjustified or that have been made for an improper purpose (e.g., to

23  unnecessarily encumber or retard the case development process or to impose unnecessary

24  expenses and burdens on other parties) expose the Designating Party to sanctions.

25  If it comes to a Designating Party's attention that information or items that it designated for

26  protection do not qualify for protection, that Designating Party must promptly notify all other

27  Parties that it is withdrawing the mistaken designation.

28       5.2    Manner and Timing of Designations.  Except as otherwise provided in this

-4-

STIPULATED CONFIDENTIALITY AGREEMENT
AND AGREED [PROPOSED] PROTECTIVE ORDER

1  Protective Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated

2  or ordered, Disclosure or Discovery Material that qualifies for protection under this Protective

3  Order must be clearly so designated before the material is disclosed or produced.

4      Designation in conformity with this Protective Order requires:

5      (a)    for information in documentary form (e.g., paper or electronic documents, but

6  excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing

7  Party affix the legend "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" to each page that

8  contains protected material.  If only a portion or portions of the material on a page qualifies for

9  protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making

10  appropriate markings in the margins).

11      A Party or Non-Party that makes original documents or materials available for inspection

12  need not designate them for protection until after the inspecting Party has indicated which

13  material it would like copied and produced.  During the inspection and before the designation, all

14  of the material made available for inspection shall be deemed CONFIDENTIAL or

15  ATTORNEYS' EYES ONLY.  After the inspecting Party has identified the documents it wants

16  copied and produced, the Producing Party must determine which documents, or portions thereof,

17  qualify for protection under this Protective Order.  Then, before producing the specified

18  documents, the Producing Party must affix the "CONFIDENTIAL" or "ATTORNEYS' EYES

19  ONLY" legend to each page that contains Protected Material.  If only a portion or portions of the

20  material on a page qualifies for protection, the Producing Party also must clearly identify the

21  protected portion(s) (e.g., by making appropriate markings in the margins).

22      (b)    for testimony given in deposition or in other pretrial or trial proceedings, that

23  the Designating Party identify on the record, before the close of the deposition, hearing, or other

24  proceeding, all protected testimony.

25      (c)    for information produced in some form other than documentary and for any

26  other tangible items, that the Producing Party affix in a prominent place on the exterior of the

27  container or containers in which the information or item is stored the legend "CONFIDENTIAL"

28  or "ATTORNEYS' EYES ONLY."  If only a portion or portions of the information or item

-5-

warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3     Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Protective Order for such material.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Protective Order.

6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     Timing of Challenges.  Any Party or Non-Party may challenge a designation of confidentiality at any time.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     Meet and Confer.  The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge.  To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order.  The parties shall attempt to resolve each challenge in good faith and must meet and confer directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice.  In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3     <u>Judicial Intervention</u>.  If the Parties cannot resolve a challenge without Court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier.  Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph.  Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation.  In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof.  Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

7.     <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

7.1     <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Protective Order.  When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 13 (FINAL DISPOSITION).

-7-

1    Protected Material must be stored and maintained by a Receiving Party at a location and

2    in a secure manner that ensures that access is limited to the persons authorized under this

3    Protective Order.

4         7.2      Disclosure of CONFIDENTIAL Information or Items.  Unless otherwise ordered

5    by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any

6    information or item designated CONFIDENTIAL only to:

7         (a)      Plaintiffs, including any opt-in plaintiffs;

8         (b)      the Receiving Party's Outside Counsel of Record in this action, as well as

9    employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the

10   information for this litigation and who have signed the "Acknowledgment and Agreement to Be

11   Bound" that is attached hereto as Exhibit A;

12        (c)      the officers, directors, and employees (including House Counsel) of the

13   Receiving Party to whom disclosure is reasonably necessary for this litigation and who have

14   signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

15        (d)      Experts (as defined in this Protective Order) of the Receiving Party to whom

16   disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment

17   and Agreement to Be Bound" (Exhibit A);

18        (e)      the court and its personnel;

19        (f)      court reporters and their staff, professional jury or trial consultants, mock

20   jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation

21   and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

22        (g)      during their depositions, witnesses in the action to whom disclosure is

23   reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound"

24   (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court.  Pages of

25   transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be

26   separately bound by the court reporter and may not be disclosed to anyone except as permitted

27   under this Protective Order.  If designation of ATTORNEYS' EYES ONLY information is made,

28   those portions of said depositions involving such ATTORNEYS' EYES ONLY information will

-8-

1   be taken with no one present except (i) those persons who are authorized to have access to such

2   ATTORNEYS' EYES ONLY information in accordance with this Protective Order, (ii) counsel

3   for the parties and any in-house counsel for Defendants, (iii) the reporter and videographer, if

4   any, and (iv) the deponent and deponent's counsel, if the deponent has separate legal counsel.

5          (h)     the author or recipient of a document containing the information or a custodian

6   or other person who otherwise possessed or knew the information.

7          7.3     Disclosure of information designated as ATTORNEYS' EYES ONLY.  Disclosure

8   of information designated as ATTORNEYS' EYES ONLY, including summaries thereof, shall be

9   limited to the following:

10         (a)     The Court and its personnel;

11         (b)     the parties' Outside Counsel of Record;

12         (c)     Defendants' House Counsel or otherwise specifically identified counsel for

13   Defendants, and associate or contract attorneys and paralegal and clerical employees assisting any

14   of these counsel;

15         (d)     Defendants and their officers, directors, managers and human resources staff,

16   but only to the extent to which disclosure to them is reasonably necessary to evaluate and defend

17   against the claims in this case;

18         (e)     and to the following persons, who have signed the "Acknowledgment and

19   Agreement to Be Bound" (Exhibit A):

20                 (i)  court reporters and videographers of sworn proceedings in which the

21                 ATTORNEYS' EYES ONLY information is raised;

22                 (ii)  services retained by counsel to photocopy, image or tabulate information

23                 from documents or evidence or to prepare charts, summaries, timelines,

24                 illustrations, or other demonstrative materials to be used in the litigation;

25                 (iii)  experts or consultants (not including Competitors) retained by the parties;

26                 and

27                 (iv)  deponents as set forth in Section 7.2(f) above.

28         a.      If it becomes necessary for counsel for a party or parties receiving ATTORNEYS'

-9-

EYES ONLY information to disclose it to some other person(s) (other than as set forth in subsection (a)-(e) immediately above), in order to properly prepare this litigation for trial, or for other court proceedings or filings in this litigation, or to evaluate the facts, claims, and defenses for purposes of discussing settlement of this litigation, the following procedures shall be employed:

> (i)     Counsel for the Receiving Party or Parties shall notify, in writing by overnight delivery or e-mail or fax, counsel for the Producing Party of the ATTORNEYS' EYES ONLY information of their desire to disclose such information and shall identify the persons(s) to whom they intend to make disclosure and the general purpose of the disclosure.

> (ii)     If no objection to such disclosure is made by counsel for the producing party within five (5) business days of receipt of such notification, counsel for the Receiving Party or Parties shall be free to make such disclosure to the designated person(s); provided, however, that counsel for the Receiving Party or Parties shall serve upon counsel for the Producing Party, prior to disclosure, an executed "Acknowledgment and Agreement to Be Bound" (Exhibit A), whereby such person agrees to comply with and be bound by this Protective Order.

> (iii)     If the Producing Party objects to such disclosure, the party wishing to make such disclosure may bring before the Court the question of whether the particular ATTORNEYS' EYES ONLY information can be disclosed to the designated person(s) without waiting for the producing party to do so.

b.     Whenever any party brings before the Court the question of whether particular ATTORNEYS' EYES ONLY information can be disclosed to designated person(s) the party objecting to such disclosure shall have the burden of establishing before the Court the necessity for preventing such disclosure.  Notwithstanding any other provision of this paragraph 7.3, it is understood that material designated ATTORNEYS' EYES ONLY will not be shown, shared or transmitted in any fashion to any party plaintiff or putative class member (or, should a class be certified, any class member) without the express agreement of Defendants' counsel, which

-10-

1  agreement will not unreasonably be denied, or by order of the Court.

2  8.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER

3         LITIGATION

4         If a Party is served with a subpoena or a court order issued in other litigation that compels

5  disclosure of any information or items designated in this action as CONFIDENTIAL or

6  ATTORNEYS' EYES ONLY that Party must:

7         (a)     promptly notify in writing the Designating Party.  Such notification shall

8  include a copy of the subpoena or court order;

9         (b)     promptly notify in writing the party who caused the subpoena or order to issue

10 in the other litigation that some or all of the material covered by the subpoena or order is subject

11 to this Protective Order.  Such notification shall include a copy of this Protective Order; and

12        (c)     cooperate with respect to all reasonable procedures sought to be pursued by the

13 Designating Party whose Protected Material may be affected.

14        If the Designating Party timely seeks a protective order, the Party served with the

15 subpoena or court order shall not produce any information designated in this action as

16 CONFIDENTIAL or ATTORNEYS' EYES ONLY before a determination by the court from

17 which the subpoena or order issued, unless the Party has obtained the Designating Party's

18 permission.  The Designating Party shall bear the burden and expense of seeking protection in

19 that court of its confidential material – and nothing in these provisions should be construed as

20 authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from

21 another court.

22 9.     A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS

23        LITIGATION

24        (a)     The terms of this Protective Order are applicable to information produced by a

25 Non-Party in this action and designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY.

26 Such information produced by Non-Parties in connection with this litigation is protected by the

27 remedies and relief provided by this Protective Order.  Nothing in these provisions should be

28 construed as prohibiting a Non-Party from seeking additional protections.

-11-

1          (b)      In the event that a Party is required, by a valid discovery request, to produce a

2   Non-Party's confidential information in its possession, and the Party is subject to an agreement

3   with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

4             (i)      promptly notify in writing the Requesting Party and the Non-Party that

5          some or all of the information requested is subject to a confidentiality agreement with a

6          Non-Party;

7             (ii)     promptly provide the Non-Party with a copy of the Protective Order in this

8          litigation, the relevant discovery request(s), and a reasonably specific description of the

9          information requested; and

10           (iii)    make the information requested available for inspection by the Non-Party.

11          (c)      If the Non-Party fails to object or seek a protective order from this Court

12   within 14 days of receiving the notice and accompanying information, the Receiving Party may

13   produce the Non-Party's confidential information responsive to the discovery request.  If the

14   Non-Party timely seeks a protective order, the Receiving Party shall not produce any information

15   in its possession or control that is subject to the confidentiality agreement with the Non-Party

16   before a determination by the Court.  Absent a court order to the contrary, the Non-Party shall

17   bear the burden and expense of seeking protection in this Court of its Protected Material.

18   10.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

19          If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

20   Material to any person or in any circumstance not authorized under this Protective Order, the

21   Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized

22   disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material,

23   (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of

24   this Protective Order, and (d) request such person or persons to execute the "Acknowledgment

25   and Agreement to Be Bound" that is attached hereto as Exhibit A.

26

27

28

         STIPULATED CONFIDENTIALITY AGREEMENT
AND AGREED [PROPOSED] PROTECTIVE ORDER

11. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the Court.

12. MISCELLANEOUS

12.1 Right to Further Relief. Nothing in this Protective Order abridges the right of any person to seek its modification by the Court in the future.

12.2 Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3 Filing Protected Material. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file with the Court any document, pleading, or tangible item which contains CONFIDENTIAL or ATTORNEYS' EYES ONLY information must comply with the procedures set forth in Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving

-13-

STIPULATED CONFIDENTIALITY AGREEMENT
AND AGREED [PROPOSED] PROTECTIVE ORDER

1   Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5(d) is denied

2   by the Court, then the Receiving Party may file the information in the public record pursuant to

3   Civil Local Rule 79-5(e) unless otherwise instructed by the court.

4   13.    FINAL DISPOSITION

5          Within 60 days after the final disposition of this action, as defined in Section 4

6   (DURATION), each Receiving Party must return all CONFIDENTIAL and ATTORNEYS'

7   EYES ONLY information furnished pursuant to this Protective Order, and all copies thereof, to

8   the producing attorneys of record, or, at the producing party's option, destroyed by counsel for

9   the receiving party or parties.  As used in this subdivision, "all Protected Material" includes all

10  copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of

11  the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving

12  Party must submit a written certification to the Producing Party (and, if not the same person or

13  entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where

14  appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the

15  Receiving Party has not retained any copies, abstracts, compilations, summaries or any other

16  format reproducing or capturing any of the Protected Material.  Notwithstanding this provision,

17  Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition,

18  and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert

19  reports, attorney work product, and consultant and expert work product, even if such materials

20  contain Protected Material.  Any such archival copies that contain or constitute CONFIDENTIAL

21  and ATTORNEYS' EYES ONLY information produced hereunder shall Protected Material

22  remain subject to this Protective Order as set forth in Section 4 (DURATION).

23          IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

24

25

26

27

28

-14-

STIPULATED CONFIDENTIALITY AGREEMENT
AND AGREED [PROPOSED] PROTECTIVE ORDER

1
2

DATED: August 19, 2015         ANDRUS ANDERSON LLP
                               COSTANZO LAW FIRM

3
4

                               By:_____/s/Lori E. Andrus_____
                                          LORI E. ANDRUS

5
6

                               Attorneys for Plaintiff, the Proposed Classes, and the
                               Aggrieved Employees

7
8

DATED: August 19, 2015         NANCY L. ABELL
                               PAUL HASTINGS LLP

9
10

                               By:_____/s/Nancy L. Abell_____
                                          NANCY L. ABELL

11
12
13

                               Attorneys for Defendants
                               FARMERS GROUP, INC., FARMERS INSURANCE
                               EXCHANGE, and FARMERS INSURANCE COMPANY,
                               INC.

14

15    PURSUANT TO STIPULATION, IT IS SO ORDERED.

16
17    DATED: _August 25, 2015___      _____
                                      United States District/Magistrate Judge

18
19
20
21
22
23
24
25
26
27
28

-15-

STIPULATED CONFIDENTIALITY AGREEMENT
                                                    AND AGREED [PROPOSED] PROTECTIVE ORDER

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____

[print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Northern District of California in the case of *Coates v. Farmers Group, Inc. et al.*, N.D. Cal. Case No. 5:15-cv-01913.  I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Protective Order.


Date: _____

City and State where sworn and signed: _____


Printed name: _____


Signature: _____

-16-

STIPULATED CONFIDENTIALITY AGREEMENT
AND AGREED [PROPOSED] PROTECTIVE ORDER