LORI J. COSTANZO (SBN #142633)
GABRIELLE KORTE (SBN #209312)
COSTANZO LAW FIRM
111 North Market Street, #910
San Jose, CA 95113
Telephone:    408-993-8493
Facsimile:    408-993-8496
Email: lori@costanzo-law.com
       gabrielle@costanzo-law.com

LORI E. ANDRUS (SBN #205816)
JENNIE LEE ANDERSON (SBN 203586)
ANDRUS ANDERSON LLP
155 Montgomery Street, Suite 900
San Francisco, CA 94104
Telephone:    415-986-1400
Facsimile:    415-986-1474
Email: lori@andrusanderson.com
       jennie@andrusanderson.com

*Attorneys for Plaintiffs, the Classes,
and the Aggrieved Employees*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LYNNE COATES, SERENA NEVES, KEEVER RHODES MUIR, CELESTE STOKES, and KAREN WASSON, on behalf of themselves and all others similarly situated and aggrieved,<br><br>Plaintiffs,<br><br>vs.<br><br>FARMERS GROUP, INC., FARMERS INSURANCE EXCHANGE, and FARMERS INSURANCE COMPANY, INC.,<br><br>Defendants. | CASE NO. 5:15-CV-01913-LHK<br><br>**[PROPOSED] ORDER (1) GRANTING PRELIMINARY APPROVAL OF CLASS ACTION / COLLECTIVE ACTION SETTLEMENT; (2) PRELIMINARILY CERTIFYING SETTLEMENT CLASSES; (3) APPOINTING CLASS COUNSEL; (4) APPROVING NOTICE PLAN AND DIRECTING DISTRIBUTION OF NOTICE; AND (5) SETTING A SCHEDULE FOR THE FINAL APPROVAL PROCESS**<br><br>Case Filed:      April 29, 2015<br>Judge:            Honorable Lucy H. Koh<br>Hearing Date: June 23, 2016<br>Time:             1:30 p.m.<br>Courtroom:    8, 4th Floor |

1    Plaintiffs in the above-captioned action have alleged, on behalf of themselves and a
2 putative class of similarly situated individuals, that the Defendants, Farmers Group, Inc., Farmers
3 Insurance Exchange, and Farmers Insurance Company, Inc., (the "Defendants") have
4 discriminated against female employees working as attorneys in Farmers Insurance Exchange's
5 Claims Litigation organization.  The First Amended Complaint makes claims for unequal pay;
6 claims for disparate treatment based on gender with respect to compensation, raises, job
7 assignments, demotions, denial of promotion, performance ratings and termination; and claims
8 for disparate impact discrimination based on gender with respect to compensation, raises, job
9 assignments, demotions, denial of promotion, performance ratings and termination in violation of
10 Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000, et seq. ("Title VII"), the
11 federal Equal Pay Act of 1963, 29 U.S.C. § 201, et seq.; the California Fair Employment and
12 Housing Act, California Government Code § 12940, et seq.; the California Equal Pay Act,
13 California Labor Code § 1197.5; the California Equal Pay Act, California Labor Code § 1197.5,
14 as amended; California Business & Professions Code § 17200, et seq., the California Private
15 Attorneys General Act of 2004, California Labor Code § 2698 et seq., and California Code of
16 Civil Procedure § 1021.5.  Defendants have denied these allegations and, from the Court's
17 perspective, the case appears to have been ably and vigorously litigated on all sides.
18    The parties entered into negotiations for the purpose of settling their disputes underlying
19 the action.  Those negotiations have been successful.  Plaintiffs and Defendant Farmers Insurance
20 Exchange have agreed to the entry of a proposed Collective and Class Action Settlement
21 Agreement (the "Settlement") as a full settlement of those disputes and this legal action, subject
22 to this Court's final approval thereof.  On [date], the parties filed that Settlement, along with this
23 proposed Order.  A copy of the proposed Settlement is attached as Exhibit 1 to this Order.
24 Notwithstanding Farmers Insurance Exchange's stipulation to "Settlement Classes" in this case
25 and to the proposed Settlement, Defendants continue to deny all allegations of unlawful conduct
26 contained in Plaintiffs' First Amended Complaint, and do not admit or concede that they have, in
27 any manner, violated federal or California laws prohibiting discrimination and/or retaliation, or
28 committed any other unlawful action that would entitle Plaintiffs or any class to any recovery.

Plaintiffs and Defendant Farmers Insurance Exchange have agreed that, for purposes of settling this case only, it should proceed as a class action as described below in order that this Settlement will constitute a final and complete adjudication of the parties' and Class Members' rights, liabilities and obligations as set forth in the Settlement. Specifically, Plaintiffs have presented to the Court an unopposed Motion for an Order: (1) preliminarily approving the proposed Settlement Agreement and the class action and collective action settlement it embodies; (2) preliminarily certifying the proposed Settlement Classes and appointing Lynne Coates, Serena Neves, Keever Rhodes Muir, Celeste Stokes and Karen Wasson as Class Representatives; (3) appointing Plaintiffs' Counsel as Class Counsel; (4) approving the proposed Notice plan and directing distribution of the proposed class Notice and related documents; and (5) setting a schedule for final approval; the accompanying memorandum in support; the Declarations of Lori E. Andrus and Lori J. Costanzo in support thereof. The Court has considered this Motion and the arguments of counsel at the hearing regarding the Motion held on May 19, 2016; and the pleadings and filings in this action. Based on this consideration and in the interest of justice, the Court now FINDS, CONCLUDES, and ORDERS as follows:

## I. **PRELIMINARY CERTIFICATION OF RULE 23 SETTLEMENT CLASSES AND COLLECTIVE ACTION SETTLEMENT**

A. For settlement purposes only, the Parties have proposed preliminary certification of the following Settlement Classes pursuant to Federal Rule of Civil Procedure 23(a), (b)(2), (b)(3), and (e):

    1. The "Nationwide Title VII Class": women employed by Farmers Group, Inc., Farmers Insurance Exchange, or Farmers Insurance Company, Inc. in Claims Litigation at any time from September 10, 2012 to the date of the Order Granting Preliminary Approval in one or more of the following positions: attorney, workers compensation attorney, associate trial attorney, associate workers compensation trial attorney, trial attorney, workers compensation trial attorney, senior trial attorney, senior workers compensation trial attorney, specialty trial attorney, specialty workers

Case No. 5-15-cv-01913-LHK      -2-      [PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS/COLLECTIVE ACTION SETTLEMENT

1  compensation trial attorney, supervising attorney, supervising workers
2  compensation attorney, HEAT attorney, or managing attorney. The
3  Nationwide Title VII Class excludes individuals working in Farmers Legal
4  Business Administration (formerly known as "Claims Legal Services
5  Management").

      2.    The "California Class": women employed by Farmers Group, Inc., Farmers Insurance Exchange, or Farmers Insurance Company, Inc. in Claims Litigation in California at any time from April 29, 2011 to the date of the Order Granting Preliminary Approval in one or more of the following positions: attorney, workers compensation attorney, associate trial attorney, associate workers compensation trial attorney, trial attorney, workers compensation trial attorney, senior trial attorney, senior workers compensation trial attorney, specialty trial attorney, specialty workers compensation trial attorney, supervising attorney, supervising workers compensation attorney, HEAT attorney, or managing attorney. The California Class excludes individuals working in Farmers Legal Business Administration (formerly known as "Claims Legal Services Management").

B.    In considering the unopposed Motion, the Court may not "go so far . . . as to judge the validity of [Plaintiffs'] claims. [It may only conduct such] inquiry into the substance of [the] case [as] may be necessary to ascertain satisfaction of" Rule 23. *Staton v. Boeing Co.*, 327 F.3d 938, 954 (9th Cir. 2003). Having conducted that inquiry, the Court hereby FINDS and CONCLUDES that the Rule 23 Settlement Classes satisfy all of the requirements for certification under Rule 23(a), (b)(2), (b)(3), and (e):

      1.    The Court finds that the Nationwide Title VII Settlement Class, consisting of nearly 300 individuals, is so numerous that joinder of all members is impracticable. Accordingly, the requirement of Rule 23(a)(1) is satisfied.

2. The Court finds that the California Class, consisting of approximately 118 individuals, is so numerous that joinder of all members is impracticable. Accordingly, the requirement of Rule 23(a)(1) is satisfied.

3. Based on the stipulation of the Parties and the materials provided with the unopposed Motion, the Court finds that there are questions of law or fact that are common to the Settlement Classes, and that these common issues predominate over any individualized questions of law or fact. Such questions include whether Defendant Famers Insurance Exchange paid its male attorney employees more than its female attorney employees for the same or substantially similar work, and discriminated against them in job assignments, demotions, denial of promotion, performance ratings and termination. The injunctive and monetary relief in the Settlement resolves these common issues on a class-wide basis. Accordingly, the commonality requirement of Rule 23(a)(2) is satisfied.

4. Based on the stipulation of the Parties and the materials provided with the unopposed Motion, the Court finds that the claims of Lynne Coates, Serena Neves, Keever Rhodes Muir, Celeste Stokes, and Karen Wasson, are typical of the claims of the members of the Settlement Classes and that they will fairly and adequately protect the interests of the Settlement Classes. Their claims arise out of the same policies, practices, and concerns alleged on behalf of all Class Members. Accordingly, the typicality requirement of Rule 23(a)(3) and the adequate representation requirement of Rule 23(a)(4) are satisfied.

5. Based on the stipulation of the Parties and the materials provided with the unopposed Motion, the Court finds that Defendants have acted or refused to act on grounds that apply generally to the Classes, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the Settlement Classes as a whole, such that the requirements of

1    Rule 23(b)(2) have been met. Based on the stipulation of the Parties and
2    the materials provided with the unopposed Motion, the central issues raised
3    in Plaintiffs' Amended Complaint are susceptible to common proof. In
4    addition, if Class Members were to litigate their discrimination claims
5    individually, they would rely on the same proof of centralized
6    compensation, promotion/demotion, performance rating, job assignment
7    and termination policies, practices and decisions. They would also seek a
8    common damages remedy. Accordingly, the predominance requirement of
9    Rule 23(b)(3) is satisfied.

10   6.   Based on the stipulation of the Parties and the materials provided with the
11   unopposed Motion, resolving the common liability and damages issues in a
12   single action would be more efficient than litigating approximately 300
13   individual claims in separate actions in separate courts. In addition,
14   litigation costs would likely exceed potential recovery if each Class
15   Member litigated individually. Accordingly, the superiority requirement of
16   Rule 23(b)(3) is satisfied.

17   7.   The Court need not inquire, and therefore makes no finding regarding,
18   whether the case, if tried, would present intractable management problems,
19   *see* Fed. R. Civ. P. 23(b)(3)(D), for the Parties propose that there be no
20   such trial. *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 620 (1997).

21   C.   Accordingly, and based on these findings and the stipulations that underlie them,
22   the Court hereby CERTIFIES the Settlement Classes under Rule 23(a) and Rule 23(b)(2) and
23   (b)(3) and appoints Lynne Coates, Serena Neves, Keever Rhodes Muir, Celeste Stokes, and Karen
24   Wasson as Class Representatives. Should this Court or any reviewing court on direct appeal
25   and/or on writ of *certiorari* to the Supreme Court of the United States from a direct appeal to the
26   U.S. Court of Appeals for the Ninth Circuit refuse to approve this Settlement or require
27   modifications to this Settlement, the Settlement and the stipulations on which it is based shall be
28   null and void, inadmissible and unusable in any future proceeding and shall not be considered a

Case No. 5-15-cv-01913-LHK    -5-    [PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS/COLLECTIVE ACTION SETTLEMENT

1  binding settlement agreement, unless Plaintiffs and Defendants each expressly and voluntarily
2  approve in writing any such modification by this Court or the reviewing court.

3      D.    On December 9, 2015, this Court conditionally certified a collective action under
4  the federal Equal Pay Act and permitted notice to be sent to those who preliminarily appeared to
5  be similarly situated to the named Plaintiff, Lynne Coates, so that they might determine whether
6  to opt in to this litigation as Plaintiffs.  The period for eligible individuals to opt in ended on
7  March 28, 2016.  As of that date, 55 individuals had opted in.  Based on the stipulation of the
8  Parties and the materials provided with the unopposed Motion, and solely for the purpose of
9  considering settlement of this action, the Court finds that with one exception,[1] the individuals
10  who have opted in are, in fact, similarly situated to the Plaintiffs and would be bound by any
11  settlement found by the Court to be fair and reasonable and finally approved.  *D.A. Schulte, Inc.,*
12  *v. Gangi*, 328 U.S. 108, 113 n.8 (1946) (district court can authorize stipulated settlement under 29
13  U.S.C. §216 provided resolution has been "submit[ted] to judicial scrutiny").

14  **II.  APPOINTMENT OF CLASS COUNSEL**

15      The Court finds that Lori Andrus of Andrus Anderson LLP and Lori Costanzo of
16  Costanzo Law Firm have extensive experience in prosecuting employment discrimination class
17  actions and/or employment discrimination cases.  The Court appoints these firms as Class
18  Counsel.

19  **III.  PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

20      A.    The Court has reviewed the terms of the proposed Settlement Agreement attached
21  as Exhibit 1, including specifically the injunctive and monetary relief provisions.  The Court also
22  reviewed the Motion papers and declarations of counsel, which describe Class Counsel's legal
23  and factual investigation, and the settlement process.  Based on review of those papers, the Court
24  concludes that the Settlement is the result of extensive, arm's length negotiations among the

---

[1] Based on the materials provided by the Parties and the Motion filed herewith, the Court finds that Mr. Leslie "Les" Sachanowicz of San Antonio, Texas, is a male and therefore is not similarly situated to the rest of the Equal Pay Act collective action group and his claim is hereby dismissed. Further, Mr. Sachanowicz does not have claims common with or typical of the rest of the Settlement Classes and shall be excluded from any class the Court finally approves in this matter.

Case No. 5-15-cv-01913-LHK     -6-     [PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS/COLLECTIVE ACTION SETTLEMENT

1  parties after Class Counsel investigated the class claims and became familiar with the strengths
2  and weaknesses of the case.  The Court finds that the settlement process was non-collusive.
3  Based on the Court's review of papers submitted in support of preliminary approval, the Court
4  concludes that the Settlement Agreement has no obvious defects and appears to be, preliminarily,
5  within the range of a fair and reasonable settlement of the case such that notice to the Settlement
6  Classes is appropriate.

   B. It is therefore ORDERED that:

   1. The Settlement Agreement and the class and collective action settlement it embodies is hereby PRELIMINARILY APPROVED.  Final approval of the Settlement is subject to consideration of any objections of members of the Settlement Classes to the proposed Settlement.

   2. Pending final determination of the fairness of the Settlement, all further litigation of this action not related to the settlement approval process is hereby STAYED.

## IV. APPROVAL OF THE NOTICE PLAN AND DISTRIBUTION OF NOTICE

   A. The Parties have submitted for this Court's approval a proposed Notice of Class Action Settlement.  The Court has carefully reviewed that Notice, the related provisions in the proposed Settlement Agreement, and the Memorandum in Support of Plaintiffs' Unopposed Motion for Preliminary Approval.  The Court FINDS and CONCLUDES as follows:

   1. The proposed Notice allows Class Members a full and fair opportunity to consider the proposed Settlement and Class Counsel's motion for attorneys' fees and costs, which will be filed within thirty (30) days of the deadline for Class Members to opt out or object to the Settlement.

   2. The proposed plan for distributing the Notice is a reasonable method to inform Class Members of the terms of the Settlement, how to obtain additional information about the Settlement, how to object to or comment on the Settlement or motion for attorney's fees and costs, and how to opt out of the monetary relief provisions of the Settlement by filing an Opt-Out

1  Statement (and how to rescind a decision to opt-out).  Class Members are
2  included in the Rule 23 Class Settlement unless they timely mail a written
3  Out-Opt Statement to the Class Administrator.

4  3.  The Parties have designated Rust Consulting as the Class Administrator.
5  Under the proposed Settlement Agreement, after receiving information
6  about the Class Members from Farmers Insurance Exchange, the Class
7  Administrator will run the list of Class Members and Collective Action
8  Plaintiffs through the United States Postal Service's National Change of
9  Address database before mailing the Notice via first class mail and skip-
10  tracing any returned Notices.

11  B.  The Court FINDS and CONCLUDES that the proposed plan for distributing the
12  Notice satisfies the notice requirements of Rule 23, and satisfies all other legal and due process
13  requirements.  The Court finds that in the present case, mailed notice via first class mail is the
14  best practicable method of notice that is reasonably calculated to apprise Settlement Classes
15  Members of the Settlement Agreement and their rights.  The Court also finds that the proposed
16  Class Notice is sufficient to inform Class Members of the terms of the Settlement, their rights
17  under the Settlement, including, but not limited to, their right to opt out of the Settlement, object
18  to the Settlement and/or participate in the Settlement, and the processes for doing so; and the date
19  and location of the final approval hearing.

20  C.  Accordingly, the Court hereby ORDERS as follows:

21  1.  The form and content of the proposed Notice is approved;
22  2.  The form and content of the Opt-Out Statement is approved;
23  3.  The manner of distributing the Notice and updating Class Member
24  addresses through the National Change of Address database and skip-
25  tracing any returned notices, is approved;
26  4.  Rust Consulting is approved as the Class Administrator;
27  5.  No later than five (5) business days after the date of this Order, Defendant
28  Farmers Insurance Exchange shall provide to the Class Administrator a list

of all Collective Action Plaintiffs and Rule 23 Class Members, including full name (maiden and married names, where applicable), last known home address, email (if known) and telephone numbers(s), in a format reasonably acceptable to the Class Administrator, which shall distribute the Notice to Class Members within 10 business days of receipt of the Class Member information, as set forth in the Settlement Agreement attached as Exhibit 1; and

6. The parties are further directed to carry out and comply with the terms of the Settlement Agreement, particularly with respect to providing the Class Administrator the information and data necessary to carry out its duties.

## V. PROCEDURES FOR FINAL APPROVAL OF THE SETTLEMENT

### A. Motion for Final Approval and Final Approval Hearing

The Court hereby schedules a hearing ("the Final Approval Hearing") for [month/day], 2016, at 1:30 p.m. to determine whether to grant final certification of the Settlement Classes, to consider any objections that may be filed and to determine whether the Settlement is fair, reasonable and adequate and should be finally approved, and to determine the amount of attorneys' fees, costs, and expenses to be paid to Class Counsel.  Class Counsel shall file a Motion for Final Approval of the Settlement Agreement no later than fourteen (14) days prior to the Final Approval Hearing.  Class Counsel may file a reply to any objection no later than five (5) days prior to that Hearing.

Any Class Member may appear at the final approval hearing in person, or by his or her own attorney, and show cause why the Court should not approve the Settlement, or to object to the motion for the award of the Class Representative Service Awards and Class Counsel's Fees and Costs, but the Class Member, and any attorney representing the Class Member, must file a Notice of Intention to Appear with the Court and serve the same on Class Counsel and counsel for Farmers, no later than forty-five (45) days after the mailing of the Class Notice.

The Court reserves the right to continue the date of the final approval hearing without further notice to Class Members.

**B.     Deadline for Motion for Attorneys' Fees and Costs and Service Awards**

All memoranda, affidavits, declarations and other evidence in support of the request for Class Counsel's costs and attorneys' fees and the Class Representatives' request for service awards shall be filed at least thirty (30) court days in advance of the deadline to opt out or object to the Settlement.  Class Counsel may file a supplemental memorandum in support of the motion no later than five (5) court days before the Final Approval Hearing.

**C.     Deadline for Class Member to Opt Out or File Objections**

Any opt-outs from the damages portion of the Settlement ("Opt-Out Statements"), rescissions of exclusion statements, or objections to the settlement, proposed Settlement Agreement, and/or motion for attorneys' fees and costs must be postmarked no later than 45 days from the date the Notice is mailed, pursuant to the procedures set forth in the Settlement Agreement and Class Notice.  The Class Administrator will file the objections, exclusion statements, and rescissions of exclusion statements with the Court no later than five (5) days before the Final Approval Hearing.

IT IS SO ORDERED.

DATED: _____          _____
                                                                    HON. LUCY H. KOH
                                                                    U.S. DISTRICT COURT JUDGE