1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

LYNNE COATES, et al.,

        Plaintiffs,

    v.

FARMERS GROUP, INC., et al.,

        Defendants.

Case No. 15-CV-01913-LHK

**ORDER PROVISIONALLY CERTIFYING CLASS AND GRANTING PRELIMINARY SETTLEMENT APPROVAL**

Re: Dkt. Nos. 126, 129

        Plaintiffs Lynne Coates, Serena Neves, Keever Rhodes, Celeste Stokes, and Karen Wasson (collectively, "Plaintiffs") have alleged, on behalf of themselves and a putative class of similarly situated individuals, that the Defendants Farmers Group, Inc., Farmers Insurance Exchange, and Farmers Insurance Company, Inc. (collectively, "Defendants") have discriminated against female employees working as attorneys in Farmers Insurance Exchange's Claims Litigation organization. *See* ECF No. 1 (Complaint); ECF No. 105 (Amended Complaint).

        Plaintiffs and Defendant Farmers Insurance Exchange have agreed to the entry of a proposed Collective and Class Action Settlement Agreement (the "Settlement") as a full settlement of those disputes and this legal action, subject to this Court's final approval thereof.

1

United States District Court
Northern District of California

1    *See* ECF Nos. 126-3, 137.  Plaintiffs and Defendant Farmers Insurance Exchange have agreed that,

2    for purposes of settling this case only, it should proceed as a class action as described in the

3    Settlement and attached exhibits, and that the Settlement will constitute a final and complete

4    adjudication of the parties' and Class Members' rights, liabilities and obligations as set forth in the

5    Settlement.  Notwithstanding Farmers Insurance Exchange's stipulation to "Settlement Classes" in

6    this case and to the proposed Settlement, Defendants continue to deny all allegations of unlawful

7    conduct contained in Plaintiffs' First Amended Complaint, and do not admit or concede that they

8    have, in any manner, violated federal or California laws prohibiting discrimination and/or

9    retaliation, or committed any other unlawful action that would entitle Plaintiffs or any class to any

10   recovery.

11        Having considered this motion, the record in this case, and the arguments of counsel at the

12   preliminary approval hearing held on June 23, 2016, the Court now FINDS, CONCLUDES, and

13   ORDERS as follows:

14   I.    **PRELIMINARY CERTIFICATION OF RULE 23 SETTLEMENT CLASSES AND
         COLLECTIVE ACTION SETTLEMENT**

15

16        A.    The following classes are proposed for certification for settlement purposes only:

17             1.    The "Nationwide Title VII Class": women employed by Farmers Group,

18                  Inc., Farmers Insurance Exchange, or Farmers Insurance Company, Inc. in

19                  Claims Litigation at any time from September 10, 2012 to the date of the

20                  Order Granting Preliminary Approval in one or more of the following

21                  positions: attorney, workers compensation attorney, associate trial attorney,

22                  associate workers compensation trial attorney, trial attorney, workers

23                  compensation trial attorney, senior trial attorney, senior workers

24                  compensation trial attorney, specialty trial attorney, specialty workers

25                  compensation trial attorney, supervising attorney, supervising workers

26                  compensation attorney, HEAT attorney, or managing attorney.  The

27

28   Case No. 15-CV-01913-LHK
     ORDER PROVISIONALLY CERTIFYING CLASS AND GRANTING PRELIMINARY SETTLEMENT
     APPROVAL

2

1   Nationwide Title VII Class excludes individuals working in Farmers Legal

2   Business Administration (formerly known as "Claims Legal Services

3   Management").

    2.    The "California Class": women employed by Farmers Group, Inc., Farmers

5   Insurance Exchange, or Farmers Insurance Company, Inc. in Claims

6   Litigation in California at any time from April 29, 2011 to the date of the

7   Order Granting Preliminary Approval in one or more of the following

8   positions: attorney, workers compensation attorney, associate trial attorney,

9   associate workers compensation trial attorney, trial attorney, workers

10  compensation trial attorney, senior trial attorney, senior workers

11  compensation trial attorney, specialty trial attorney, specialty workers

12  compensation trial attorney, supervising attorney, supervising workers

13  compensation attorney, HEAT attorney, or managing attorney.  The

14  California Class excludes individuals working in Farmers Legal Business

15  Administration (formerly known as "Claims Legal Services Management").

16      B.    In considering the unopposed motion, the Court may not "go so far . . . as to judge

17  the validity of [Plaintiffs'] claims.  [It may only conduct such] inquiry into the substance of [the]

18  case [as] may be necessary to ascertain satisfaction of" Rule 23.  *Staton v. Boeing Co.*, 327 F.3d

19  938, 954 (9th Cir. 2003).  Having conducted that inquiry, the Court hereby FINDS and

20  CONCLUDES that the Rule 23 Settlement Classes satisfy all of the requirements for certification

21  under Rule 23(a), (b)(2), (b)(3), and (e):

22      1.    The Court finds that the Nationwide Title VII Settlement Class, consisting

23  of nearly 300 individuals, is so numerous that joinder of all members is

24  impracticable.  Similarly, the California Class, consisting of approximately

25  118 individuals, is so numerous that joinder of all members is

26  impracticable.  Accordingly, the requirement of Rule 23(a)(1) is satisfied.

27

3

28  Case No. 15-CV-01913-LHK
ORDER PROVISIONALLY CERTIFYING CLASS AND GRANTING PRELIMINARY SETTLEMENT
APPROVAL

United States District Court
Northern District of California

2. The Court finds that there are questions of law or fact that are common to the Settlement Classes, and that these common issues predominate over any individualized questions of law or fact.  Such questions include whether Defendant Farmers Insurance Exchange paid its male attorney employees more than its female attorney employees for the same or substantially similar work, and discriminated against them in job assignments, demotions, denial of promotion, performance ratings and termination. Accordingly, the commonality requirement of Rule 23(a)(2) is satisfied.

3. The Court finds that the claims of Lynne Coates, Serena Neves, Keever Rhodes Muir, Celeste Stokes, and Karen Wasson are typical of the claims of the members of the Settlement Classes and that the named Plaintiffs will fairly and adequately protect the interests of the Settlement Classes. Accordingly, the typicality requirement of Rule 23(a)(3) and the adequate representation requirement of Rule 23(a)(4) are satisfied.

4. The Court finds that Defendants have acted or refused to act on grounds that apply generally to the Classes, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the Settlement Classes as a whole.  Thus, the requirements of Rule 23(b)(2) are met.

5. In addition, based on the stipulation of the Parties and the materials provided in the unopposed motion, the Court concludes that the central issues raised in Plaintiffs' Amended Complaint are susceptible to common proof.  Moreover, if Class Members were to litigate their discrimination claims individually, they would rely on the same proof of centralized compensation, promotion/demotion, performance rating, job assignment and termination policies, practices and decisions.  They would also seek a

4

1  common damages remedy.  Accordingly, the predominance requirement of

2  Rule 23(b)(3) is satisfied.

3  6.  Based on the stipulation of the Parties and the materials provided with the

4  unopposed motion, resolving the common liability and damages issues in a

5  single action would be more efficient than litigating approximately 300

6  individual claims in separate actions in separate courts.  In addition,

7  litigation costs would likely exceed potential recovery if each Class

8  Member litigated individually.  Accordingly, the superiority requirement of

9  Rule 23(b)(3) is satisfied.

10  7.  The Court need not inquire, and therefore makes no finding regarding,

11  whether the case, if tried, would present intractable management problems,

12  *see* Fed. R. Civ. P. 23(b)(3)(D), for the Parties propose that there be no such

13  trial, *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 620 (1997).

14  C.  Accordingly, based on these findings and the stipulations that underlie them, the

15  Court hereby CERTIFIES the Settlement Classes under Rule 23(a), (b)(2), and (b)(3), and

16  appoints Lynne Coates, Serena Neves, Keever Rhodes Muir, Celeste Stokes, and Karen Wasson as

17  Class Representatives for settlement purposes.  Should this Court or any reviewing court on direct

18  appeal and/or on writ of *certiorari* to the Supreme Court of the United States from a direct appeal

19  to the U.S. Court of Appeals for the Ninth Circuit refuse to approve this Settlement or require

20  modifications to this Settlement, the Settlement and the stipulations on which it is based shall be

21  null and void, inadmissible and unusable in any future proceeding and shall not be considered a

22  binding settlement agreement, unless Plaintiffs and Defendants each expressly and voluntarily

23  approve in writing any such modification by this Court or the reviewing court.

24  D.  On December 9, 2015, this Court conditionally certified a collective action under

25  the federal Equal Pay Act and permitted notice to be sent to those who preliminarily appeared to

26  be similarly situated to Plaintiff Lynne Coates, so that they might determine whether to opt in to

27

28  Case No. 15-CV-01913-LHK
ORDER PROVISIONALLY CERTIFYING CLASS AND GRANTING PRELIMINARY SETTLEMENT
APPROVAL

United States District Court
Northern District of California

5

1    this litigation as Plaintiffs.  ECF No. 78.  The period for eligible individuals to opt in ended on

2    March 28, 2016.  As of that date, 55 individuals had opted in.  *See* ECF No. 126-3 Ex. B.  Based

3    on the stipulation of the Parties and the materials provided with the unopposed motion, and solely

4    for the purpose of considering settlement of this action, the Court finds that with one exception,[1]

5    the individuals who have opted in are, in fact, similarly situated to the Plaintiffs and would be

6    bound by any settlement found by the Court to be fair and reasonable and finally approved.  *See*

7    *D.A. Schulte, Inc.*, *v. Gangi*, 328 U.S. 108, 113 n.8 (1946) (district court can authorize stipulated

8    settlement under 29 U.S.C. § 216 provided resolution has been "submit[ted] to judicial scrutiny").

9    **II.**     **APPOINTMENT OF CLASS COUNSEL**

10           The Court appoints Lori Andrus of Andrus Anderson LLP and Lori Costanzo of Costanzo

11   Law Firm as Class Counsel for settlement purposes pursuant to Federal Rule of Civil Procedure

12   23(g).

13   **III.**    **PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

14           A.      The Court has reviewed the terms of the proposed Settlement Agreement, including

15   specifically the injunctive and monetary relief provisions.  The Court also has reviewed the motion

16   papers and declarations of counsel, which describe Class Counsel's legal and factual investigation,

17   and the settlement process.  Based on review of those papers, the Court concludes that the

18   Settlement is the result of extensive, arm's length negotiations among the Parties after Class

19   Counsel investigated the class claims and became familiar with the strengths and weaknesses of

20   the case.  The Court finds that the settlement process was non-collusive and conducted with the

21   assistance of experienced mediator Barry Goldstein, Esq.  Based on the Court's review of papers

22   submitted in support of preliminary approval, the Court concludes that the Settlement Agreement

23

24   ───────────────

[1] Based on the record, on June 23, 2016, the Court granted the joint motion to dismiss the opt in
25   claim of Mr. Leslie "Les" Sachanowicz ("Sachanowicz") of San Antonio, Texas.  *See* ECF No.
     129 (joint motion).  The record shows that Sachanowicz is a male and therefore is not similarly
26   situated to the rest of the Equal Pay Act collective action group.  Further, Sachanowicz does not
     have claims common with or typical of the rest of the Settlement Classes and shall be excluded
27   from any class the Court finally approves in this matter.

6

28   Case No. 15-CV-01913-LHK
     ORDER PROVISIONALLY CERTIFYING CLASS AND GRANTING PRELIMINARY SETTLEMENT
     APPROVAL

United States District Court
Northern District of California

has no obvious defects and appears to be, preliminarily, within the range of a fair and reasonable settlement of the case such that notice to the Settlement Classes is appropriate.

B.      It is therefore ORDERED that:

1.      The Settlement Agreement and the class and collective action settlement it embodies are hereby PRELIMINARILY APPROVED.  Final approval of the Settlement is subject to the consideration of any objections of members of the Settlement Classes to the proposed Settlement.

2.      Pending final determination of the fairness of the Settlement, all further litigation of this action not related to the settlement approval process is hereby STAYED.

## IV.    **APPROVAL OF THE NOTICE PLAN AND DISTRIBUTION OF NOTICE**

A.      The Parties have submitted for this Court's approval a proposed Notice of Class Action Settlement.  ECF No. 137-2.  The Court has carefully reviewed that Notice, the related provisions in the proposed Settlement Agreement, and the memorandum in support of Plaintiffs' unopposed motion for preliminary approval.  The Court FINDS and CONCLUDES as follows:

1.      The proposed Notice, ECF No. 137-2, allows Class Members a full and fair opportunity to consider the proposed Settlement and Class Counsel's motion for attorneys' fees and costs, which will be filed by July 29, 2016.

2.      The proposed plan for distributing the Notice is a reasonable method to inform Class Members of the terms of the Settlement, how to obtain additional information about the Settlement, how to object to or comment on the Settlement or motion for attorney's fees and costs, and how to opt out of the monetary relief provisions of the Settlement by filing an Opt Out Statement (and how to rescind a decision to opt out).  Class Members are included in the Rule 23 Class Settlement unless they timely mail a written Out Opt Statement to the Class Administrator.

Case No. 15-CV-01913-LHK
ORDER PROVISIONALLY CERTIFYING CLASS AND GRANTING PRELIMINARY SETTLEMENT APPROVAL

United States District Court
Northern District of California

<div style="writing-mode: vertical-rl">United States District Court
Northern District of California</div>

1      3.     The Parties have designated Rust Consulting as the Class Administrator.

2             Under the proposed Settlement Agreement, after receiving information

3             about the Class Members from Farmers Insurance Exchange, the Class

4             Administrator will run the list of Class Members and Collective Action

5             Plaintiffs through the United States Postal Service's National Change of

6             Address database before mailing the Notice via first class mail and skip-

7             tracing any returned Notices.

8      B.     The Court FINDS and CONCLUDES that the proposed plan for distributing the

9  Notice satisfies the notice requirements of Rule 23, and satisfies all other legal and due process

10 requirements.  The Court finds that in the present case, mailed notice via first class mail is the best

11 practicable method of notice that is reasonably calculated to apprise Members of the Settlement

12 Classes of the Settlement Agreement and their rights.  The Court also finds that the proposed Class

13 Notice, ECF No. 137-2, is sufficient to inform Class Members of the terms of the Settlement, their

14 rights under the Settlement, including, but not limited to, their right to opt out of the Settlement,

15 object to the Settlement and/or participate in the Settlement, and the processes for doing so; and

16 the date and location of the final approval hearing.

17     C.     Accordingly, the Court hereby ORDERS as follows:

18            1.     The form and content of the proposed Notice, ECF No. 137-2, is approved;

19            2.     The form and content of the Opt Out Statement is approved;

20            3.     The manner of distributing the Notice and updating Class Member

21                   addresses through the National Change of Address database and skip-

22                   tracing any returned notices, is approved;

23            4.     Rust Consulting is appointed as the Class Administrator;

24            5.     No later than July 5, 2016, Defendant Farmers Insurance Exchange shall

25                   provide to the Class Administrator a list of all Collective Action Plaintiffs

26                   and Rule 23 Class Members, including full name (maiden and married

27

28
Case No. 15-CV-01913-LHK
ORDER PROVISIONALLY CERTIFYING CLASS AND GRANTING PRELIMINARY SETTLEMENT
APPROVAL

1    names, where applicable), last known home address, email (if known), and

2    telephone numbers(s), in a format reasonably acceptable to the Class

3    Administrator.  By July 15, 2016, the Class Administrator shall distribute

4    the Notice, ECF No. 137-2, to Class Members as set forth in the Settlement

5    Agreement; and

6        6.    The parties are further directed to carry out and comply with the terms of

7    the Settlement Agreement, particularly with respect to providing the Class

8    Administrator the information and data necessary to carry out its duties.

9    **V.    PROCEDURES FOR FINAL APPROVAL OF THE SETTLEMENT**

10       **A.    Deadline for Motion for Attorneys' Fees and Costs and Service Awards**

11   All memoranda, affidavits, declarations and other evidence in support of the request for

12   Class Counsel's costs and attorneys' fees and the Class Representatives' request for service

13   awards shall be filed by July 29, 2016.  Class Counsel may file a supplemental memorandum in

14   support of the motion no later than September 22, 2016.

15       **B.    Deadline for Class Member to Opt Out or File Objections**

16   Any opt-outs from the damages portion of the Settlement ("Opt-Out Statements"),

17   rescissions of exclusion statements, or objections to the settlement, proposed Settlement

18   Agreement, and/or motion for attorneys' fees and costs must be postmarked no later than August

19   29, 2016, pursuant to the procedures set forth in the Settlement Agreement and Class Notice.  *See*

20   ECF Nos. 126-3 and 137-2.  Class Counsel shall file the objections with the Court by September

21   1, 2016.

22       **C.    Motion for Final Approval and Final Approval Hearing**

23   The Court hereby schedules the Final Approval Hearing for September 29, 2016, at 1:30

24   p.m., to determine whether to grant final certification of the Settlement Classes, to consider any

25   objections that may be filed, and to determine whether the Settlement is fair, reasonable and

26   adequate and should be finally approved, and to determine the amount of attorneys' fees, costs,

27

28   Case No. 15-CV-01913-LHK
     ORDER PROVISIONALLY CERTIFYING CLASS AND GRANTING PRELIMINARY SETTLEMENT
     APPROVAL

United States District Court
Northern District of California

9

and expenses to be paid to Class Counsel. Class Counsel shall file a Motion for Final Approval of the Settlement Agreement no later than September 15, 2016. Class Counsel may file a reply brief addressing any objections no later than September 22, 2016. Class Counsel shall file the statement of the Class Administrator regarding the costs of administration and declaration of due diligence no later than September 22, 2016.

Any Class Member may appear at the Final Approval Hearing in person, or by his or her own attorney, and show cause why the Court should not approve the Settlement, or to object to the motion for the award of the Class Representative Service Awards and Class Counsel's Fees and Costs. In order to appear at the Final Approval Hearing, the Class Member, and any attorney representing the Class Member, must include a statement in the Class Member's written objection stating that the Class Member and/or the Class Member's attorney intends to appear at the Final Approval Hearing. As noted above, any written objection, along with any statement of intent to appear at the Final Approval Hearing, must be postmarked on or before August 29, 2016.

The Court reserves the right to continue the date of the Final Approval Hearing without further notice to Class Members. However, every effort will be made to hold the Final Approval Hearing as scheduled on September 29, 2016, at 1:30 p.m.

**IT IS SO ORDERED.**

Dated: June 27, 2016

_____
LUCY H. KOH
United States District Judge

Case No. 15-CV-01913-LHK
ORDER PROVISIONALLY CERTIFYING CLASS AND GRANTING PRELIMINARY SETTLEMENT
APPROVAL