UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LYNNE COATES, et al.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>FARMERS GROUP, INC., et al.,<br><br>　　　　　Defendants. | Case No. 15-CV-01913-LHK<br><br>**ORDER GRANTING FINAL APPROVAL OF CLASS AND COLLECTIVE ACTION SETLLEMENT AND AWARD OF ATTORNEY'S FEES, COSTS, AND SERVICE AWARDS**<br><br>Re: Dkt. Nos. 140, 144 |

　　　　The Court, having read the papers filed with regard to Plaintiffs' unopposed motion for final approval of a class and collective action settlement and Plaintiffs' separate motion for award of attorneys' fees, costs, and service awards, and after hearing argument regarding the motions on September 29, 2016, hereby FINDS AND ORDERS as follows:

　　　　1.　　The Court has jurisdiction over the subject matter of this litigation and over all parties to this Action, including the Settlement Class Members.

　　　　2.　　The Court finds that the Settlement Agreement attached to the Declaration of Lori E. Andrus as Exhibit B filed on September 15, 2016, ECF No. 144-3, is the product of arm's length negotiations between the parties and that the terms of the Settlement are fair, reasonable,

1

Case No. 15-CV-01913-LHK
ORDER GRANTING FINAL APPROVAL OF CLASS AND COLLECTIVE ACTION SETLLEMENT AND AWARD OF ATTORNEY'S FEES, COSTS, AND SERVICE AWARDS

adequate, and in the best interests of the Settlement Class.  The Settlement Agreement is therefore finally approved, and its terms are incorporated herein.  The Court orders the parties to the Settlement Agreement to perform forthwith each of their obligations as set forth therein.

      3.      The following Settlement Class, provisionally certified by the Court in its Order granting Preliminary Approval, is hereby certified under Federal Rule of Civil Procedure 23(a), 23(b)(2), (b)(3) and (e).  The Settlement Class consists of two parts:

          a. The "Nationwide Title VII Class": women employed by Farmers Group, Inc., Farmers Insurance Exchange, or Farmers Insurance Company, Inc. in Claims Litigation at any time from September 10, 2012 to June 27, 2016, in one or more of the following positions: attorney, workers compensation attorney, associate trial attorney, associate workers compensation trial attorney, trial attorney, workers compensation trial attorney, senior trial attorney, senior workers compensation trial attorney, specialty trial attorney, specialty workers compensation trial attorney, supervising attorney, supervising workers compensation attorney, HEAT attorney, or managing attorney.  The Nationwide Title VII Class excludes individuals working in Farmers Legal Business Administration (formerly known as "Claims Legal Services Management").

          b. The "California Class": women employed by Farmers Group, Inc., Farmers Insurance Exchange, or Farmers Insurance Company, Inc. in Claims Litigation in California at any time from April 29, 2011 to June 27, 2016, in one or more of the following positions: attorney, workers compensation attorney, associate trial attorney, associate workers compensation trial attorney, trial attorney, workers compensation trial attorney, senior trial attorney, senior workers compensation trial attorney, specialty trial attorney, specialty workers compensation trial attorney, supervising attorney,

Case No. 15-CV-01913-LHK
ORDER GRANTING FINAL APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT AND AWARD OF ATTORNEY'S FEES, COSTS, AND SERVICE AWARDS

supervising workers compensation attorney, HEAT attorney, or managing attorney. The California Class excludes individuals working in Farmers Legal Business Administration (formerly known as "Claims Legal Services Management").

4. The Notice was distributed to Class Members in conformance with the approved Notice Plan. In addition, notice of Class Counsel's motion for attorney's fees, costs, and service awards was provided to the Class in time for objections to be filed, in accordance with Rule 23(h)(2).

5. No objections to the Settlement or to Class Counsel's motion for attorney's fees, costs, and service awards were lodged.

6. The following individuals have requested to be excluded from the damages portion of the Settlement Class: Jane Cuthbert and Teresa R. Edrington.

7. The Court adjudges that Plaintiffs, the Settlement Class Members, and the Collective Action Plaintiffs, other than any individual who has requested to be excluded from the Class, be conclusively deemed to have released and discharged Farmers Group, Inc., Farmers Insurance Exchange, and Farmers Insurance Co., Inc. (collectively, "Farmers"), and each of their respective affiliates, parents, subsidiaries, successors and all other related entities, including but not limited to all of their incumbent and former officers, directors, owners, members, managers, shareholders, investors, agents, insurers, attorneys, employees, fiduciaries, successors, assigns, and representatives, in their individual and/or representative capacities, from any and all settled claims as provided in Sections 12.1 through 12.3 of the Settlement Agreement. The Court bars and permanently enjoins Plaintiffs and the Settlement Class Members from asserting, instituting, or prosecuting, either directly or indirectly, any settled claims, as set forth in the Settlement Agreement, which any Settlement Class Member had, has, or may have in the future to the extent provided in the Settlement Agreement.

Case No. 15-CV-01913-LHK
ORDER GRANTING FINAL APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT AND AWARD OF ATTORNEY'S FEES, COSTS, AND SERVICE AWARDS

8. The Settlement Administrator is hereby directed to distribute the individual monetary awards as set forth in the Settlement Agreement. The funds from checks that are left uncashed after the void date shall escheat to the appropriate state authority.

9. The Court approves the request for an award of attorneys' fees in the amount of $1,830,000. Such amount shall be paid as provided in the Settlement Agreement.

10. The Court approves an award of costs in the amount of $185,000. Such amount shall be paid as provided in the Settlement Agreement.

11. The request for service awards to Plaintiffs Lynne Coates and Keever Rhodes Muir in the amount of $25,000 each is reasonable given the risks these Plaintiffs assumed and the amount of time they spent in conjunction with prosecuting this case. The request for service awards to Plaintiffs Serena Neves, Celeste Stokes and Karen Wasson in the amount of $10,000 each, and to opt-in Plaintiffs Sandra Carter and Angela Storey in the amount of $5,000 each, is reasonable given the risks these Plaintiffs assumed and the amount of time they spent in conjunction with prosecuting this case. Accordingly, the Court approves the requests for Service Awards to be paid as provided in the Settlement Agreement.

12. The Court finds and determines that payment to the California Labor and Workforce Development Agency of $15,000 as its share of the settlement of civil penalties in this case is fair, reasonable, and appropriate. The Court hereby orders that the payment of that amount be made as provided in the Settlement Agreement.

13. The Court orders the payment of $32,372 to Rust Consulting, the Settlement Administrator.

14. Without affecting the finality of this Order or final judgment in any way, the Court retains jurisdiction over: (1) implementation and enforcement of the Settlement Agreement pursuant to further orders of the Court until the final judgment contemplated hereby has become effective and each and every act agreed to be performed by the parties hereto shall have been performed pursuant to the Settlement Agreement; (2) any other action necessary to conclude this

4

Case No. 15-CV-01913-LHK
ORDER GRANTING FINAL APPROVAL OF CLASS AND COLLECTIVE ACTION SETLLEMENT AND AWARD OF ATTORNEY'S FEES, COSTS, AND SERVICE AWARDS

settlement and to implement the Settlement Agreement; and (3) the enforcement, construction, and interpretation of the Settlement Agreement.

Neither this Order nor the Settlement Agreement on which is it based are an admission or concession by any party of any fault, omission, liability, or wrongdoing.  This Order is not a finding of the validity or invalidity of any claims in this action or a determination of any wrongdoing by any party.  The final approval of the Parties' Settlement will not constitute any opinion, position, or determination of this Court, one way or the other, as to the merits of the claims or defenses of any party.

**IT IS SO ORDERED.**

Dated: September 30, 2016

_____
LUCY H. KOH
United States District Judge